United States District Court
Southern District of Texas
**ENTERED**
January 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GROW FRESH PRODUCE COMPANY, LLC, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:25-CV-77 |
| | § | |
| GILCOM PRODUCE DISTRIBUTING, LLC, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Grow Fresh Produce Company, LLC, initiated this action seeking to appeal the adverse decision in a "reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. § 499a et seq. (PACA))." (*See* Docket Nos. 1, 1-3.) At the time the action was filed, Petitioner neither paid the filing fee nor requested to proceed in forma pauperis. As such, the undersigned alerted Petitioner to its deficiencies. However, Petitioner failed to respond, nor has Petitioner taken any other action in this case. As such, the undersigned now recommends that this action be dismissed for failure to prosecute.

## I.  BACKGROUND

As noted, on February 26, 2025, Petitioner initiated this action seeking to appeal the adverse decision in a reparation proceeding under the Perishable Agricultural Commodities Act. Specifically, the Department of Agriculture "ordered" Petitioner to pay Respondent "as reparation $24,927.00, with interest thereon at the rate 4.22% per annum from June 1, 2023, until paid, plus the amount of $500.00." (Docket No. 1-3, at 1.) Petitioner now seeks to appeal that order in this lawsuit.

However, upon filing this action, Petitioner neither paid the filing fee, nor requested to proceed in forma pauperis.  The undersigned alerted Petitioner to its deficiencies, and also gave Petitioner time to correct them.[1]  (Docket No. 6, at 1-2 ("Petitioner shall comply as directed <u>within thirty (30) days of the date of this Order.</u>").)  Petitioner failed to respond.  In addition, other than initiating this action with its original petitioner, Petitioner has taken no other action in this case.  Stated another way, Petitioner has failed to correct its deficiencies, failed to pay the filing fee, and otherwise has failed to prosecute this action.

## II.  ANALYSIS

This action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Petitioner has failed to comply with the relevant rules and to prosecute this action.  To begin with, Petitioner has failed to pay the filing fee, and has failed to provide adequate information with the Court to proceed in forma pauperis.  Specifically, Petitioner failed to file an application to proceed IFP and otherwise has failed to correct its deficiencies.  To make matters worse,

---

[1] Petitioner was also advised that should he wish to appeal the reparation order, he must "file[ ] with the clerk a bond in double the amount of the reparation awarded against" him.  (Docket No. 6, at n.1 (citing 7 U.S.C. § 499g).)  Here again, Petitioner failed to respond.

Petitioner failed to respond to a Court order directing it to pay the required filing fee to proceed with this action, or otherwise move to proceed in forma pauperis.

In sum, because Petitioner failed to either pay the filing fee or meet the PLRA's requirements to proceed in forma pauperis, and failed to respond to the Court, this case should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address). No less drastic sanction is available here, given that Petitioner failed to response to the last court document.[2] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this civil action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on

---

[2] A copy of this Report will be sent to Petitioner at the last address provided. Should Petitioner respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 7, 2026.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE